Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Kelsey M. Schultz (SBN 328159)
kschultz@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD SCHATZ, an individual; BEVERLY ORNSTEIN, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>LIVE AUCTIONEERS, LLC, a New York Limited Liability Company, doing business as "JASPER 52;" and DOES 1-10, inclusive,<br><br>Defendants | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR**<br><br>**1. COPYRIGHT INFRINGEMENT**<br><br>**2. CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>**3. VICARIOUS COPYRIGHT INFRINGEMENT**<br><br>**Jury Trial Demanded** |

1
COMPLAINT

Plaintiffs Howard Schatz and Beverly Ornstein, by and through their undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976.

2. This court has jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a).

3. Venue is proper under 28 U.S.C. § 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred here.

## PARTIES

4. Plaintiff HOWARD SCHATZ ("Schatz") is an individual residing and doing business in Los Angeles, California.

5. Plaintiff BEVERLY ORNSTEIN ("Ornstein") is an individual residing and doing business in Los Angeles, California.

6. Plaintiff is informed and believes and thereon alleges that Defendant LIVE AUCTIONEERS, LLC ("LIVE AUCTIONEERS") is a limited liability company organized in the state of New York and does business in and with the State of California. Plaintiff is also informed and thereon alleges that Defendant LIVE AUCTIONEERS does business under the name "JASPER52."

7. Defendants Does 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. Their true names, whether corporate, individual or otherwise, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and

was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff's proximately caused thereby.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPHY

9.  Schatz is an accomplished and critically acclaimed photographer who has won several "Photographer of the Year" awards and Gold Medals in the most prestigious competitions. His works have been exhibited in museums and photography galleries around the world and are included in innumerable private collections. Schatz's editorial work has been published in numerous magazines, including Time, Sports Illustrated, Vogue, Vogue Italia, GQ Italia, The New York Times Magazine, The New Yorker, Stern, Life, Black/White, American Photo, Photo France, and Photo Italia. His work has further been published in twenty-two photography monographs.

10.  With his wife, Ornstein, Schatz created and exclusively owns the original photographs (the "Subject Photographs") as identified and attached hereto in **Exhibit A**.  The Subject Photographs were registered with the United States Copyright Office under registration numbers: VA0001663334, VA0001114675, VA0001114676, VA0002358501, VAu001356279, VA0001231007, VAu001250901, VAu001093993, VAu001034036, VAu000708397, and VA0002161905.

11. Plaintiffs are the sole owners of the exclusive rights in the Subject Photographs.

12. Plaintiffs are informed and believe and thereon allege that following the publication and display of the Subject Photographs, LIVE AUCTIONEERS, DOE Defendants, and each of them have willfully copied, reproduced, displayed, and

distributed the Subject Photographs without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to the publishing, displaying, and distributing unauthorized copies of the Subject Photographs on https://www.liveauctioneers.com/, as seen in the screen captures and or URLs depicted in **Exhibit A** hereto (the "Infringing Works").

13. Plaintiffs are informed and believe and thereon allege LIVE AUCTIONEERS, doing business as JASPER52, worked with individual sellers to authenticate and offer the Infringing Works for sale on the LIVE AUCTIONEERS' platform.

14. Plaintiffs were readily able to discern that the Infringing Works were not authentic resold Subject Photographs because several of the Infringing Works displayed images that were 1) printed for exhibitions and never sold as individual prints, 2) printed only in Plaintiffs' books and never sold as individual prints, 3) printed in sizes Plaintiffs never sold, and/or 4) never printed for sale to the public.

## **FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against all Defendants, and Each)

15. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

16. Plaintiff alleges on information and belief that Defendants, and each of them, accessed the Subject Photographs by without limitation, viewing the Subject Photographs on Plaintiff's website or social media profiles, on other sites online, or in physical publications. The identicality of the copying also shows access.

17. Plaintiff alleges on information and belief that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photographs online as seen in the screen captures attached hereto as **Exhibit A**.

18. Plaintiff alleges on information and belief that Defendants, and each of them, infringed Plaintiff's copyrights by creating infringing derivative works from the Subject Photographs and publishing same to the public.

4

19.  Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

20.  Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Photographs in an amount to be established at trial.

21.  Plaintiff alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

(For Contributory Copyright Infringement – Against All Defendants, and Each)

22. Plaintiffs repeat, re-allege, and incorporate herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

23. Plaintiffs allege on information and belief that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and distribution of the Subject Photographs as alleged hereinabove.

24. Defendants knew or should have known that the sale of unauthorized reproductions of the Subject Photographs by affiliated and third-party sellers, including, but not limited to Jasper52, on https://www.liveauctioneers.com/, directly infringed the copyrights in and to the Subject Photographs.

25. Defendants induced, caused, and materially contributed to the third-party sellers' direct infringement by, at a minimum, allegedly authenticating and offering to sell and distributing unauthorized reproductions of the Subject

5

Photographs from their third-party sellers to customers of https://www.liveauctioneers.com/.

26. Defendants received substantial benefits in connection with their unauthorized reproduction and distribution of the Subject Photographs, including, but not limited to revenue received from the sale of unauthorized reproductions and derivatives of the Subject Photographs.

27. Plaintiff alleges that Defendants committed contributory copyright infringement with actual knowledge or reckless disregard of its rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

28. By reason of Defendants' acts of contributory infringement as alleged above, Plaintiffs have been damaged and have suffered damages in an amount to be established at trial.

29. Due to Defendants' acts of contributory copyright infringement as alleged herein, they have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiffs' rights in the Subject Photographs. As such, Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to their infringement of the Subject Photographs, in an amount to be established at trial.

30. Plaintiffs are informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiffs will make its election between actual damages and statutory damages.

/ / /

COMPLAINT

## THIRD CLAIM FOR RELIEF

(For Vicarious Copyright Infringement – Against All Defendants, and Each)

31. Plaintiffs repeat, re-allege, and incorporate herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

32. Plaintiffs allege on information and belief that Defendants had the right and ability to supervise the infringing conduct of its affiliated and third-party distributors, by virtue of *inter alia* its contractual agreements with those third-party sellers and distributors and had the right and ability to prevent the further distribution and sale of unauthorized reproductions of the Subject Photographs.

33. Defendants had a direct financial interest in the infringing activity because it received substantial benefits in connection with the unauthorized reproduction and distribution of the Subject Photographs for purposes of trade. Specifically, Defendants received revenue in connection with the sale of unauthorized reproductions and derivatives of the Subject Photographs, and were able to supervise the distribution, sale, and creation of said unauthorized prints.

34. Plaintiffs allege that Defendants committed vicarious copyright infringement with actual knowledge or reckless disregard of its rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

35. By reason of Defendants' acts of vicarious infringement as alleged above, Plaintiffs have been damaged and have suffered damages in an amount to be established at trial.

36. Due to Defendants' acts of vicarious copyright infringement as alleged herein, it has obtained direct and indirect profits it would not otherwise have realized but for its infringement of Plaintiffs' rights in the Subject Photographs. As such, Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to its infringement of the Subject Photographs, in an amount to be established at trial.

7

37. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiffs will make their elections between actual damages and statutory damages.

### **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against all Defendants, and Each,**

With Respect to Each Claim for Relief:

a.    That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyrights in the Subject Photographs, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photographs from any print, web, or other publication owned, operated, or controlled by any Defendant.

b.    That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504 and other applicable law.

c.    That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d.  That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

e.  That Plaintiff be awarded its costs and fees under the statutes set forth above;

f.  That Plaintiff be awarded his costs and fees;

g.  That Plaintiff be awarded statutory damages and/or penalties under the statues set forth above;

h.  That Plaintiff be awarded pre-judgment interest as allowed by law; and

i.  That Plaintiff be awarded the costs of this action; and

j.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: November 18, 2024

By: */s/ Stephen M. Doniger*
Stephen M. Doniger, Esq.
Kelsey M. Schultz, Esq
DONIGER / BURROUGHS
Attorneys for Plaintiff

9

COMPLAINT

## Exhibit A



COMPLAINT



COMPLAINT



COMPLAINT



COMPLAINT



COMPLAINT



COMPLAINT



COMPLAINT



COMPLAINT



COMPLAINT



COMPLAINT



COMPLAINT



COMPLAINT



COMPLAINT





COMPLAINT



COMPLAINT



COMPLAINT



COMPLAINT



COMPLAINT





COMPLAINT





COMPLAINT



COMPLAINT



COMPLAINT



78. 

COMPLAINT